**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **MARTIN & ASSOCIATES, P.L.L.C.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. 03-1281 (GK)** |
| ) | |
| ) | |
| **MATT MALOUF,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM OPINION

Plaintiff, Martin & Associates, P.L.L.C. ("Martin & Associates") brings suit against Defendant Matt Malouf ("Malouf"), for breach of contract and fraudulent inducement, common law fraud, conversion, unjust enrichment, violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. §§ 78j(6), 78t(a), and misappropriation of property.

This matter is now before the Court on Defendant's Motion to Dismiss, **[#23]**. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion is **denied**.

### I. BACKGROUND[1]

Plaintiff, Martin & Associates, is a Washington, D.C. law firm whose principal is Kenneth Martin ("Martin"). Defendant is Malouf,

---

[1] Unless otherwise noted, the facts cited herein are taken from Plaintiff's Complaint.

a United States citizen domiciled in Utah.

In this lawsuit, Plaintiff alleges that "Defendant Malouf solicited Plaintiff through Plaintiff's employee Jasen Adams ("Adams") to participate in a $3,000,000 investment he committed to make into a Utah based company, Talk2, Inc., d/b/a/ Spontaneous Technology ("Talk2")." Compl. ¶ 8.  Plaintiff claims that, in order to induce Plaintiff to transfer funds to Malouf as an investment in Talk2, Malouf falsely represented that Talk2 had major corporate financing, that Malouf had personally invested $3,000,000 into Talk2, and that the investment "would appreciate in value ten times over." Id. ¶¶ 9-10.

In reliance on these false representations, Plaintiff transferred to Malouf $190,000 in the form of a convertible loan via three separate wire transfers between June 15, 2000, and June 13, 2001.  Plaintiff alleges that from June 15, 2000, through December 31, 2001, Malouf falsely reported to Plaintiff via the telephone, internet, and mails that Malouf had prepared the documentation for the convertible loan, was in the process of establishing a company, MM Tech Fund ("MMTF"), to facilitate the Talk2 investment, and often communicated with Talk2's management about major corporate financing that would lead to significant revenues.

Plaintiff claims that Malouf has refused to furnish documentation related to the convertible loan or the legal

existence of MMTF, verify receipt of the funds Plaintiff transferred to him, or return any of Plaintiff's money. On June 13, 2003, Plaintiff filed a Complaint in this Court, seeking monetary damages for injuries caused by this business transaction. Plaintiff claims Malouf's actions resulted in breach of contract and fraudulent inducement, common law fraud, conversion, unjust enrichment, violations of the SEA, and misappropriation of property.

**II. STANDARD OF REVIEW**

Defendant Malouf seeks to dismiss Plaintiff's Complaint for lack of personal jurisdiction and because Plaintiff is not the real party in interest in this lawsuit. See Fed. R. Civ. P. 12(b)(2), 17(a).

"To prevail on a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of pertinent jurisdictional facts." United States v. Phillip Morris, Inc., 116 F. Supp. 2d 116, 121 (D.D.C. 2000) (citing Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 424 (D.C. Cir. 1991); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983)). "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum . . . ." Id. at 121 (citing Naartex, 722 F.2d at 787). In making its decision, the Court must resolve "factual discrepancies" in the record "in favor of the plaintiff." Crane v. New York Zoological Soc., 894

F.2d 454, 456 (D.C. Cir. 1990) (citing <u>Reuber v. United States</u>, 750 F.2d 1039, 1052 (D.C. Cir. 1984)).

**III. ANALYSIS**

    **A.    Section 27 of the SEA Confers Personal Jurisdiction Over Defendant Malouf**

Defendant argues that this Court lacks personal jurisdiction over him because he is a Utah resident whose business dealings that spawned this lawsuit are not "tied in any way to the District of Columbia . . . ." Def.'s Reply at 1. Essentially, Defendant's argument is that because "there is no basis to find this to be a securities action," this Court must apply a traditional minimum contacts analysis for personal jurisdiction under the District of Columbia long-arm statute, D.C. Code § 13-423(a)(1)-(4)(1981). Def.'s Reply at 4. However, neither in its Motion nor in its Reply did Defendant provide any argument as to why the allegations in Counts V and VI of Plaintiff's Complaint fail to state a claim for violations of the SEA. This Court cannot dismiss those Counts based solely on Defendant's unsupported assertions that this is not a securities action. Accordingly, for purposes of this Motion, the Court will analyze this case as having been properly brought under the SEA.

Plaintiff argues that under the SEA, personal jurisdiction exists so long as the Defendant is a citizen of, and was properly

served within, the United States.[2]  See Pl.'s Opp'n at 7.  In cases in which the defendant is sued under the SEA, the Court must (1) determine whether the statute authorized jurisdiction over the defendant and (2) whether its assertion of personal jurisdiction comports with the requirements of the Constitution.  See In re Baan Co. Sec. Litig., 245 F. Supp. 2d 117 (D.D.C. 2003).

Section 27 of the SEA states, in relevant part:

> Any suit or action to enforce any liability or duty created by this chapter or rules or regulations thereunder . . . may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Service under this section, "[i]n conjunction with Rule 4(k)(2) of the Federal Rules of Civil Procedure . . . is sufficient to confer personal jurisdiction."[3]  In re Baan Co., 245 F. Supp. 2d at 126.

Second, the Constitution requires that a defendant have sufficient contacts with the judicial forum such "that the maintenance of the suit does not offend traditional notions of fair

---

[2] In the alternative, Plaintiff argues that it is entitled to "an opportunity for discovery on the jurisdictional issues." Pl.'s Opp'n at 11.

[3] In Poling v. Farrah, 131 F. Supp. 2d 191, 193 (D.D.C. 2001), Judge Friedman suggested that under Section 27 of the SEA, the Court must satisfy itself that venue is proper before concluding it has personal jurisdiction over the defendant. Because Defendant here does not argue that venue is improper, the Court need not address this issue.

play and substantial justice." Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). In SEA actions, the relevant judicial forum is the entire United States pursuant to the SEA's nationwide service-of-process provision. See In re Baan Co., 245 F. Supp. 2d at 126 n.11 (citing SEC v. Carrillo, 115 F.3d 1540, 1543-44 (11th Cir. 1997); Trust Co. of La. v. N.N.P., Inc., 104 F.3d 1478, 1486-87 (5th Cir. 1997); United Liberty Life Ins. Co. v. Ryan, 985 F.2d 1320, 1330 (6th Cir. 1993)).

In this case, Plaintiff has made the requisite prima facie showing that the Court has personal jurisdiction over Malouf. Plaintiff alleges that Malouf's actions resulted in violations of the SEA.[4] Malouf was properly served within the United States, in accordance with Section 27 of the SEA. Accordingly, "the statute undoubtedly confers personal jurisdiction over" Malouf. In re Baan Co., 245 F. Supp. 2d at 126 n.10 (citing Poling, 131 F. Supp. 2d at 192-93). The constitutional requirement is also clearly satisfied. Malouf's citizenship, residency, and involvement in business transactions within the United States, which is the relevant judicial forum for establishing personal jurisdiction under the SEA, satisfy the constitutional requirement for personal jurisdiction. See Poling, 131 F. Supp. 2d at 192.

---

[4] Supplemental personal jurisdiction exists for Plaintiff's non-SEA claims, because they arise out of the same transaction as the SEA claims. See 28 U.S.C. § 1367(a).

6

**B.  Martin & Associates Is the Real Party in Interest**

Defendant argues that "Martin & Associates is not a real party in interest in this action. As established, Kenneth Martin made a personal investment, yet sues in the name of his company." Def.'s Mot. at 11.

Under Rule 17(a) of the Federal Rules of Civil Procedure, "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed. R. Civ. P. 17(a). Plaintiff Martin & Associates previously submitted a sworn affidavit stating that it, not Martin personally, engaged in the business transaction with Malouf. Pl.'s Aff. in Support of Mot. for Default Judgment at ¶ 2, [#6], filed Oct. 20, 2003. Moreover, the affidavits attached to Defendant's Motion state that the funds transferred to Malouf came from Martin & Associates' bank account. Def.'s Mot., Ex. A (Aff. of M. Malouf) at ¶18; Ex. B (Aff. of J. Adams) at ¶13. This evidence is sufficient to withstand Defendant's Motion to Dismiss.

**IV. CONCLUSION**

Plaintiff has established that, in accordance with Section 27 of the SEA and the Constitution, this Court has personal jurisdiction over Malouf. Plaintiff has also presented sufficient evidence to withstand Defendant's argument that Martin & Associates

7

is not the real party in interest.  Accordingly, for the reasons stated above, Malouf's Motion to Dismiss, [**#23**], is **denied**.

An Order will issue with this Memorandum Opinion.

February 6, 2006          /s/
                          Gladys Kessler
                          United States District Judge


**Copies To:  Attorneys of record via ECF**